IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH CERVANTES,

    Petitioner,                  No. CIV S-05-1620 DFL GGH P

   vs.

PLACER COUNTY SUPERIOR COURT,

    Respondent.[1]               ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a document entitled "petition for writ of mandate." He appears to have been using a state court form for his application. Petitioner contends that his rights were violated as a result of a "broken" plea agreement in Placer County Superior Court. He states that a weapons charge was added to a Sacramento County case in violation, inter alia, of his constitutional due process rights. Petitioner alleges that he has been denied good time and half time credits due to the error. He

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). In the instant action, petitioner has improperly named Placer County Superior Court as respondent. Petitioner is cautioned that he should in future name the proper respondent.

also seeks money damages. Subsequent to this filing, petitioner indicated that on August 23, 2005, Placer County Superior Court admitted that there had been mistakes made in adding the extra charge to abstracts of judgment and the court was working on correcting the mistakes. Petitioner does not include any such communication and claims that he is still being denied good time credits because of the error. He seeks money damages as well.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827[] (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S.749, 750-751, 124 S.Ct. 1303, 1304 (2004) (per curiam).

In this case, petitioner seeks both restoration of time credits and money damages. Although petitioner asserts that the state superior court has admitted error and is seeking to correct it, he has not yet provided the supporting evidence. To the extent petitioner wishes to have his good time credits restored, he must proceed by way of an application for writ of habeas corpus. To the extent he seeks money damages, petitioner must, as plaintiff, file an action pursuant to 42 U.S.C. § 1983. Petitioner's present "petition for writ of mandate" will be dismissed and he will be granted leave to file a petition pursuant to 28 U.S.C. § 2254 or a civil rights action under § 1983 within 30 days.

Petitioner is cautioned that exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

If petitioner files a petition for writ of habeas corpus in this action seeking restoration of good time credits, but also wishes to pursue a claim for money damages, he must separately file an action for money damages under 42 U.S.C. § 1983.  Petitioner is admonished that "[i]n Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we [the Supreme Court] held that where success in a prisoner's §1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, supra, at 751, 124 S.Ct. at 1304.  Although petitioner purports to have received word that the state court has admitted error, he must show evidence of a reversal of the judgment in order to proceed in a § 1983 action for money damages.

If petitioner elects not to proceed in this case on a habeas corpus petition, he may file a civil rights action in this, and not a separate, case and this action will be re-designated as one brought pursuant to 42 U.S.C. § 1983.  (As noted, if he intends to proceed on an application for writ of habeas corpus in this case, he must separately file a civil rights action for money damages).

The Clerk of the Court will provide petitioner with the appropriate forms.  The Clerk of the Court will also provide petitioner with an application to proceed in forma pauperis or he must pay the required filing fee for a habeas application ($5.00) or for a civil rights action ($250), as appropriate.  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee for the chosen action.

Accordingly, IT IS ORDERED that:

1. The "petition for writ of mandate" is dismissed with leave granted for petitioner, within 30 days, to file either an application for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, or a civil rights action, under 42 U.S.C. § 1983; if petitioner elects to proceed as a plaintiff in this case under § 1983, this action will be re-designated as a civil rights action;

2. If petitioner seeks to proceed with an application for writ of habeas corpus in this action for restoration of time credits, but also wishes to seek money damages, he must file a separate civil rights action with his claim for money damages;

3. Petitioner must also submit the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee for the action with which he elects to proceed herein, as set forth above, within 30 days.

4. The Clerk of the Court is directed to provide plaintiff with an application to proceed in forma pauperis and with a form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

DATED: 10/13/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cerv1620.ord